Mr. Justice Gantt
delivered the opinion of the court.
A demurrer in pleading is an admission by the adverse' party of the fact charged in the count or declaration, plea, replication, &c. but refers the law arising on such fact, to the judgment of the court; and on a general demurrer, which this was, judgment is to be given, as the right shall appear, without regard to any imperfection as to the form of pleading.
It would be unnecessary to go into the distinction between matter of form and substance, formally so strictly regarded in the English courts, and I will only observe, that by several of the staiutes of Jeofails, the distinction has been in a great measure done away. If the plaintiffs were not the successors of the treasurers, to whom the land was given, and advantage was intended to be taken of that circumstance, it ought to have been pleaded in abatement; and as regards the supposed defects in the replication, the defendant to take advantage thereof, ought to have demurred specially. Ostensibly, the plaintiffs appeared to be fairly entitled to deceive certain monies which had been collected by the sheriff under an order of court, founded on proceedings had therein, wherein a sale had been ordered. It was alleged that the sale had been made, that the sheriff bad received the money, and had failed tó pay it over as directed by the order of court. These facts were admitted by the demurrer, and the defendant cannot screen himself under this demurrer, by objections which have nothing to do with the merits of the case. The court are therefore of opinion, that the demurrer was properly overruled, as also the motion for a nonsuit; but they think that the condition of the bond should have been submitted to the jury, in order to the assessment of the damages which had accrued to the plaintiff by the breach assigned j *571 which procedure is ordered before the plaintiffs can take out execution.
Holmes, for the motion.
S. jD. Miller, contra.
Justices Colcock) Nott, Richardson and Hager, concurred.